]IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY JO DUBAC,  )
        Plaintiff,  )
vs.  ) Civil Action No.  2:18-147
NANCY A. BERRYHILL, Acting  )
Commissioner of Social Security,[1]  )
        Defendant.  )

AMBROSE, Senior District Judge

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 9 and 11]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 10 and 12]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion [ECF No. 11] is denied and Plaintiff's Motion [ECF No. 9] is granted to the extent that the case is remanded to the Commissioner for further proceedings consistent with the Opinion that follows.

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

1

Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). On or about August 12, 2014, Plaintiff applied for DIB. [ECF No. 5-7 (Ex. 2D)]. In her application, she alleged that she was disabled since July 30, 2014 due to lupus, Sjogren's Disease, anxiety, transient ischemic attack, dysphagia, hearing loss, lumbago, blurred vision, lower back, neck, and shoulder pain, and muscle atrophy. [ECF No. 5-8 (Ex. 3E)]. Her date last insured is through at least December 31, 2019. [ECF No. 5-2 at 15, 18 (citing Ex. 3D)].[2] Administrative Law Judge ("ALJ") Christian Bareford held a hearing on September 6, 2016, at which Plaintiff was represented by counsel. [ECF No. 5-3]. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 60-66. In a decision dated November 9, 2016, the ALJ found that Plaintiff was capable of performing her "vocationally relevant" past employment as an intake receptionist and admitting or registration clerk, and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 5-2, at 15-26]. On December 13, 2017, the Appeals Council denied Plaintiff's request for review. Id. at 1-5. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 9 and 11]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir.

---

[2] To receive DIB, Plaintiff must establish that she became disabled prior to December 31, 2019, the date on which her insured status expires, or "date last insured." 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131(a).

1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of

performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity (RFC) – Weight of Medical Opinion Evidence

The ALJ found that Plaintiff had severe impairments, including visual deficiency/loss of central visual acuity/history of cataracts, status post phacoemulsification and implantation of intraocular lens bilaterally; residual effects, status post multiple small cerebrovascular accidents (CVAs)/transient ischemic attacks (TIAs); Sjogren's syndrome; and history of systemic lupus erythematosus (SLE). [ECF No. 5-2, at 18-20]. He further found that Plaintiff had the residual functional capacity ("RFC") to perform a range of work activity that: requires no more than a sedentary level of physical exertion; requires no crawling, kneeling, or climbing of ladders, ropes, or scaffolds and no more than occasional climbing of ramps or stairs; requires visual acuity no greater than that necessary to enable 1) reading ordinary book or newspaper print (but no very small print), 2) avoidance of hazards, 3) viewing a computer monitor screen, and 4) distinguishing small objects; entails no exposure to temperature extremes, unprotected heights, or moving mechanical parts; and requires no operation of a motor vehicle. Id. at 22. Plaintiff asserts that

4

the ALJ erred in weighing the medical opinion evidence[3] when formulating Plaintiff's RFC. [ECF No. 10 at 10-18]. Specifically, Plaintiff argues that ALJ erred in assigning her treating physician, Heather Hanzlik, "little weight," while assigning the non-examining state agency physician, Paul Fox, M.D., "greater weight." Id.

The amount of weight accorded to medical opinions is well-established. Generally, the opinions of a claimant's treating physicians are entitled to substantial and, at times, even controlling weight. 20 C.F.R. § 404.1527(c).[4] To be entitled to controlling weight, however, the treating physician's opinion must be well supported by medical techniques and consistent with the other substantial evidence of record. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). To determine the weight of a treating physician's opinion, the ALJ may consider a number of factors, including consistency, length of treatment, corroborating evidence, and supportability. 20 C.F.R. § 404.1527. As the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § [404.1527(c)(2)], the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

---

[3] Plaintiff does not take issue with the findings related to her mental impairments. [ECF No. 10]. As a result, I limit my discussion to the physical health opinion evidence.

[4] Although the regulations governing the evaluation of medical evidence were recently amended, the version effective March 27, 2017, does not apply to the present claim. See 20 C.F.R. § 404.1527 (2017); 20 C.F.R. § 404.1520c (2017).

5

Becker v. Comm'r of Soc. Sec. Admin., 403 F. App'x 679, 686 (3d Cir. 2010). Although the ALJ may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 505 (3d Cir. 2009).

Plaintiff contends that the ALJ erred in his evaluation of the medical opinion evidence from treating physician Heather Hanzlik. [ECF No. 10 at 3-17]. Plaintiff established care with Dr. Hanzlik in or around September 2015, over one year after filing her DIB application. [ECF No. 5-19 (Ex. 16F)]. Plaintiff saw Dr. Hanzlik on five occasions – three prior to Dr. Hanzlik's medical opinion, and twice following that opinion. Id. On or about December 17, 2015, Dr. Hanzlik completed a "physical medical source statement" provided by Plaintiff's then-attorney concerning Plaintiff's ability to do work-related activities. [ECF NO. 5-15 (Ex. 12F)]. The medical source statement listed Plaintiff's diagnosis as SLE and her prognosis as "guarded." Id. Dr. Hanzlik identified Plaintiff's symptoms as "fatigue" and "joint aches," and described her pain as "diffuse joint aches, back pain, [and] daily chronic fatigue." Id. Dr. Hanzlik opined, inter alia, that, in a competitive work situation, Plaintiff could walk 1-2 city blocks without rest or severe pain; could sit or stand for 30 minutes at one time; could sit or stand/walk less than 2 hours each in an 8-hour work day; and must be allowed to walk every 20 minutes for at least 5 minutes. Id. The opinion further stated that Plaintiff could occasionally twist, stoop/bend, and climb stairs; rarely crouch/squat, climb ladders, and lift 10 pounds or less; and never lift 20 pounds or more. Id. Dr. Hanzlik also opined that Plaintiff would need to take unscheduled breaks every 1-2 hours during the work day for 5-10 minutes due to muscle weakness and chronic fatigue; would likely be "off task" 20 percent of the day; and would likely be absent from work more than 4 days a month due to her impairments. Id. She indicated that Plaintiff was capable of low stress work because higher levels would exacerbate her SLE, and checked a box stating that Plaintiff's

6

impairments as demonstrated by signs, clinical findings, and laboratory or test results were "reasonably consistent" with the symptoms and physical limitations described in her evaluation. Id. Dr. Hanzlik stated that Plaintiff had no significant limitations with reaching, handling, or fingering; did not need to elevate her legs; and did not require the use of a cane or other hand-held assistive device. Id. When asked, she did not list any additional limitations that would affect Plaintiff's ability to work at a regular job on a sustained basis. Id.

The ALJ gave Dr. Hanzlik's opinion little weight because, inter alia, he felt that it was inadequately supported by explanation or clinical findings; Plaintiff only saw Dr. Hanzlik on a handful of occasions; Dr. Hanzlik offered no estimation as to how long the limitations had been present or for what duration she expected them to persist; the limitations appeared to be based on little more than Plaintiff's lupus diagnosis and subjective complaints; and the limitations conflicted with Dr. Hanzlik's objective findings in several instances on the few occasions she treated Plaintiff. [ECF No. 5-2, at 24-25]. The ALJ, in turn, gave non-examining state agency physician Dr. Fox's September 2014 opinion that Plaintiff could perform her past relevant work "greater weight." Id. (citing Ex. 2A).[5] The ALJ does not fully explain his reasons for giving Dr. Fox's opinion greater weight except to reiterate that Dr. Hanzlik had only few contacts with Plaintiff. Id. at 25.

After careful review, I find that remand is necessary for further consideration of the medical opinion evidence as well as the other medical evidence of record. In so finding, however, I do not agree with Plaintiff that the ALJ erred simply by giving greater weight to a non-examining physician over a treating physician. As the Government notes, it is well-established that,

---

[5] Dr. Fox opined, inter alia, that Plaintiff could frequently lift and/or carry up to 10 pounds; could stand and/or walk with normal breaks for a total of 6 hours in an 8-hour workday; could push and/or pull without limitation; could frequently climb ramps/stairs, balance, and crouch; and could occasionally climb ladders/ropes/scaffolds, kneel, and crawl. [ECF No. 5-4 (Ex. 2A)].

although the ALJ is not bound by opinions of state agency medical consultants like Dr. Fox, such consultants "are highly qualified physicians ... who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants ... as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled." 20 C.F.R. § 404.1527(e)(2)(i); Soc. Sec. R. 96-6p. Consistent with the regulations, the courts within this Circuit have recognized that the opinions of state agency consultants merit significant consideration and that, in appropriate circumstances, the ALJ is entitled to rely upon the opinion of such physicians over that of a treating or examining physician. See, e.g., Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361-62 (3d Cir.2011); Malfer v. Colvin, Civ. A. No. 12-169J, 2013 WL 5375775, at *4 (W.D. Pa. Sep. 24, 2013); S.S.R. 96-6p. Similarly, I do not reject the ALJ's reliance on Dr. Fox's opinion merely because that opinion pre-dated other medical records and reports or that there was a gap in time between the report and the administrative hearing. See Chandler, 667 F.3d at 361 (stating that "[t]he Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it," and that it is for the ALJ to determine whether subsequent medical evidence impacts the earlier findings (citing SSR 96–6p)).

Nevertheless, I find the gap in time between Dr. Fox and Dr. Hanzlik's opinions troubling under the facts of this case. As the Court of Appeals for the Third Circuit has recognized, SLE is "a *slowly progressive* systemic disease marked by, among other things, arthritic changes." Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 520 n.2 (3d Cir. 2004) (emphasis added). Thus, Plaintiff's medical records as of September 2014 may not have accurately reflected her condition in December 2015. While the ALJ's opinion repeatedly cites the timing of Plaintiff's disability application (almost immediately after she stopped working) as evidence that the

application was premature and "likely motivated" by immediate financial need as opposed to actual disability, ECF No. 5-2, at 21, it fails to address the possibility that Plaintiff's symptoms in summer 2014 may have progressed to a point where she could no longer work and may have continued to progress after that date. Moreover, in addition to Dr. Hanzlik's opinion and all of Dr. Hanzlik's treatment records, numerous other medical records related to Plaintiff's SLE post-date the state agency report by more than a year, including records of neurologist, Dr. Shymansky (first seen in November 2015), and rheumatologist, Dr. Urruela (first seen in October 2015). [ECF Nos. (Exs. 15F, 19F)]. Indeed, the only medical opinion that Dr. Fox appears to have reviewed was a report from ophthalmologist, Scott Portnoy, regarding Plaintiff's vision limitations. [ECF No. 5-4 (Ex. 2A)]. For all of these reasons, the depth with which Dr. Fox evaluated Plaintiff's limitations due to SLE is unclear.

Again, although the regulations do not prohibit an ALJ from relying on state agency opinions that predate subsequent medical records, Chandler, 667 F.3d at 361, the above gaps, ambiguities, and lack of discussion of these issues in the ALJ's opinion preclude meaningful review in this case. See 20 C.F.R. § 404.1527(c)(6), (3) (the ALJ must consider "the extent to which an acceptable medical source is familiar with the other information in your case record" and the agency "will evaluate" whether a non-examining consultant's opinion "consider[s] all of the pertinent evidence in your claim, including medical opinions of treating and other examining sources"). Accordingly, remand for a more complete analysis of this issue is warranted. On remand, the ALJ should consider whether a consultative examination, additional state agency review, and/or other additional materials are necessary to properly evaluate Plaintiff's claim. See, e.g., 20 C.F.R. § 404.1520b(c)(1) (2016); S.S.R. 12-2p.

### III.     CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial evidence because, in discussing his RFC findings, the ALJ failed to address adequately Plaintiff's health records related to her SLE, including, <u>inter alia</u>, the unavailability of many of those records to the state agency reviewing physician. The case therefore is remanded for further consideration in light of this Opinion. In remanding on the points herein, I make no findings as to whether Plaintiff is or is not disabled. I simply find that I cannot properly evaluate the ALJ's opinion on the record before me. For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied to that same extent. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY JO DUBAC,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

Civil Action No. 2:18-147

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 27th day of March, 2019, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 9] is GRANTED to the extent that Plaintiff seeks remand for further consideration and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment [ECF No. 11] is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge